FILED'06 JUL 28 14:59 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>JESUS ISRAEL GARCIA,<br><br>        Defendant. | 04-CR-359-BR<br>(06-CV-787-BR)<br><br>OPINION AND ORDER |

KARIN J. IMMERGUT
United States Attorney
**KEMP L. STRICKLAND**
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
(503) 727-1000

       Attorneys for Plaintiff

**BRIAN PATRICK CONRY**
534 S.W. Third Avenue, Suite 711
Portland, OR 97204
(503) 274-0414

       Attorney for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Jesus Israel Garcia's Amended Motion to Vacate or to Correct Sentence Under § 2255 (#19) on the ground of ineffective assistance of counsel.

For the reasons that follow, the Court **DENIES** Defendant's Amended Motion.

## BACKGROUND

On January 10, 1994, Defendant entered the United States from Mexico without inspection. On July 25, 2003, Defendant married a legal, permanent resident of the United States, but he did not apply for naturalization at that time. On June 4, 2004, immigration authorities sent Defendant an administrative Arrest Warrant and Notice to Appear before an immigration judge on the ground that Defendant is an alien present in the United States without being admitted and, therefore, subject to removal under 8 U.S.C. § 212(b)(1). The immigration judge released Defendant on his own recognizance.

On August 27, 2004, Defendant waived prosecution by indictment in this Court and consented to proceed under an Information charging him with one count of Social Security Fraud in violation of 42 U.S.C. § 408(a)(7)(C).

On September 13, 2004, Defendant pled guilty to the charge of Social Security Fraud. Under the terms of the Plea Agreement,

Defendant agreed he understood, among other things, "conviction of a crime can result in consequences in addition to imprisonment. Such consequences include <u>deportation</u>, or <u>removal</u> from the United States, or <u>denial of naturalization</u>, if I am not a United States citizen." Emphasis in original.

At the plea hearing, the Court engaged in the following colloquy with Defendant:

> THE COURT: Did you read the petition in its entirety?
>
> THE DEFENDANT: Yes.
>
> \* \* \*
>
> THE COURT: Down at the bottom of that page, on - on page 4, paragraph 6, I understand that a conviction of a crime can result in consequences in addition to imprisonment, including deportation or removal from the United States, or denial of naturalization if I am not a U.S. citizen. Do you see that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Are you a U.S. citizen?
>
> THE DEFENDANT: No.
>
> THE COURT: Do you understand that this crime, then could, when we are finished with sentencing, result in your being removed from the country?
>
> THE DEFENDANT: Yeah. He told me that.
>
> THE COURT: And with a felony conviction on your record, if you apply to come back to the United States lawfully, the Government could deny you

3 - OPINION AND ORDER

                        lawful admission because of this
                        crime. Do you understand that?

        THE DEFENDANT: Yeah.

Defendant also "waive[d] the right to file a motion pursuant to 28 U.S.C. § 2255 to set aside the conviction and sentence, except on grounds of ineffective assistance of counsel, newly discovered evidence, or retroactive change in the applicable guidelines or statute." The Court engaged Defendant in a colloquy about his waiver as follows:

        THE COURT:        As part of your agreement with the Government . . . . [y]ou also won't have any right to bring a civil lawsuit claiming that you were convicted unconstitutionally or somehow challenging your conviction except on three grounds. If later you determine that somehow Mr. Walker's services to you were ineffective to the point that they fell below the minimum guarantee you have to effective counsel under the Constitution, you would have a right to bring one of these civil lawsuits . . . . Do you understand?

        THE DEFENDANT: I understand.

On December 10, 2004, the Court sentenced Defendant to a term of six months home detention followed by full probation of three years. On June 4, 2005, Defendant was served with a Notice to Appear in Immigration Court for removal proceedings on the grounds that he is an alien present in the United States without being admitted and his conviction involves a crime of moral

4 - OPINION AND ORDER

turpitude. The immigration court set an initial hearing on Defendant's immigration proceedings for September 20, 2005.

On June 2, 2006, Defendant, acting *pro se*, filed a Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255 on the ground that he received ineffective assistance of counsel because his attorney did not inform him of the immigration consequences of his conviction for Social Security Fraud before he pled guilty. On June 12, 2006, Defendant, through counsel, filed an Amended Petition for § 2255 Habeas Corpus in which he alleged ineffective assistance of counsel.

On June 15, 2006, Defendant applied for naturalization.

## **STANDARDS**

The Supreme Court has established a two-part test to determine whether a defendant has received constitutionally deficient assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 678, 687 (1984). Under this test, a defendant must not only prove counsel's assistance was deficient, but also that the deficient performance prejudiced the defense. *Id.* See also *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir.), cert. denied, 513 U.S. 1001 (1994); *Campbell v. Wood*, 18 F.3d 662, 673 (9th Cir.)(en banc), cert. denied, 511 U.S. 119 (1994); *Mak v. Blodgett*, 970 F.2d 614, 618 (9th Cir. 1992), cert. denied, 507 U.S. 951 (1993).

5 - OPINION AND ORDER

"To prove deficiency of performance, the defendant must show counsel made errors so serious that performance fell below an objective standard of reasonableness under prevailing professional norms." *Mak*, 970 F.2d at 618 (citing *Strickland*, 466 U.S. at 687-88)). The court must inquire "whether counsel's assistance was reasonable considering all the circumstances" at the time of the assistance. *Strickland*, 466 U.S. at 688. There is a strong presumption that counsel's assistance was adequate. *Id.* at 689.

To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. *See also United States v. McMullen*, 98 F.3d 1155, 1157 (9th Cir. 1996), *cert. denied*, 520 U.S. 1269 (1997). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 695.

The court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant." *Id.* at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.*

## DISCUSSION

Defendant moves to vacate his sentence on the grounds that

(1) "his counsel did not know and did not tell [Defendant] that he would become inadmissible into the United States as a consequence of his" conviction; (2) his counsel did not adequately research immigration law regarding the consequences of Defendant's plea, which "made [Defendant] virtually certain to be inadmissible to the United States . . . and thus unable to become a Legal Permanent Resident"; (3) his counsel did not inform him that "he was virtually certain to be found inadmissible into the United States and would not become a Legal Permanent Resident" because of his plea; and (4) his counsel did not preserve Defendant's "ability to request cancellation of removal proceedings."

The government contends Defendant's Motion is without merit and, in addition, the Motion is untimely.

## I. Defendant Has Not Established Ineffective Assistance of Counsel.

As noted, to prove prejudice "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688. Here the Plea Petition signed by Defendant reflected his conviction for Social Security Fraud could have serious consequences with respect to his immigration status including deportation, removal, or the inability to become naturalized. In addition, the Court engaged in an extended colloquy with Defendant regarding the possible

7 - OPINION AND ORDER

immigration ramifications that could result from his conviction. The Court discussed Defendant's risk in pleading to the felony of Social Security Fraud, and Defendant responded that he understood the risks and that he voluntarily entered into the Plea Agreement. The potential for deportation, removal, inability to naturalize, and other negative immigration consequences was well covered in the Plea Agreement and the Court's colloquy with Defendant. Thus, even if his attorney had not advised Defendant properly about the possible effect of a guilty plea on immigration issues, Defendant has failed to establish that he was prejudiced in light of these facts.

On this record, the Court concludes Defendant has not established "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Accordingly, the Court denies Defendant's Amended Motion to Vacate or Correct Sentence.

## II.    The Timeliness of Defendant's Motion is Moot.

28 U.S.C. § 2255 provides a one-year period during which Defendant may file a petition for a writ of habeas corpus begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final; [or]

> \* \* \*

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

8 - OPINION AND ORDER

The government contends Defendant's Amended Motion to Vacate or Correct Sentence is untimely because he filed it on June 2, 2006, more than one year after his December 10, 2004, conviction and more than one year after the issuance of the June 4, 2004, immigration warrant and his subsequent arrest, all of which provided notice that he could be deported. Nevertheless, Defendant contends he was not aware that he could be deported until he was placed into removal proceedings on July 29, 2005, and, therefore, the one-year statute of limitations did not begin to run on his § 2255 claims until that date.

Because the Court already has denied Defendant's sole claim of ineffective assistance of counsel, however, the Court concludes the timeliness of Defendant's Amended Motion is moot, and, therefore, the Court need not reach this issue.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Amended Motion to Vacate or to Correct Sentence Under § 2255 (#19).

IT IS SO ORDERED.

DATED this 28th day of July, 2006.

*[signature]*
ANNA J. BROWN
United States District Judge